UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALID HAMED                                                           CIVIL ACTION

VERSUS                                                                       NO. 13-5833

CHASE HOME FINANCE, LLC                                   SECTION:  C (5)

**ORDER AND REASONS**

  Before the Court is the plaintiff's motion to remand the above-captioned case [Rec. Doc. 9], which defendant Chase removed on September 13, 2013 [Rec. Doc. 1]. The plaintiff argues, for various reasons, that this Court lacks subject matter jurisdiction over his claims. Having reviewed the record, the law, and the memoranda submitted, the Court denies the motion for the following reasons.

  The plaintiff filed his petition against defendant Chase in Jefferson Parish Justice of the Peace Court on August 28, 2013. In it, the plaintiff alleges that he entered into a home mortgage loan with Whitney Bank that the defendant currently holds and/or services. He claims that the defendant violated his rights under the Homeowners Protection Act of 1998 when it failed to timely remove Private Mortgage Insurance ("PMI") from the plaintiff's loan conditions. *See* Rec. Doc. 1-3, at 2, 7. He also claims that Chase filed false information on his credit report, violating his civil rights and damaging his business reputation. *Id.* at 8-9. He claims that Chase miscalculated interest payments

and imposed late fees not justified by the contract and amortization schedule he originally signed. *Id.* at 9. He claims that all of these acts and omissions were breaches of the home mortgage loan he entered into with Whitney Bank. *Id.* at 7-9.

28 U.S.C. § 1331 confers jurisdiction on this court to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." Therefore, there is subject matter jurisdiction over the plaintiff's claims stated under the Homeowners Protection Act (HPA) of 1998, 12 U.S.C. § 4901, *et seq.*, notwithstanding the amount in controversy.

Chase argues that this Court also has original jurisdiction over the plaintiff's false credit reporting claims because they sound in violations of the False Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681u. However, the plaintiff's claims could be construed as allegations of defamation under Louisiana law. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002). The fact that a claim has colorable federal character alone does not create removal jurisdiction; rather, federal question jurisdiction is triggered only when a claim raises a "substantial question of federal law," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), or is completely preempted by federal law, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1547 (1987).

A state law claim raises a substantial federal question if "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery*, 243 F.3d at 916. FCRA is not an essential element of a state law defamation claim. *See Young*, 294 F.3d at 638 (listing the elements of defamation as "(1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury."). As such, interpretation of the plaintiff's rights under FCRA cannot be necessary to resolution of his claim.

Federal question jurisdiction also exists when "Congress [has] so completely pre-empt[ed]

2

a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co.*, 481 U.S. at 63-64, 107 S. Ct. at 1546. Such "complete preemption" is an narrow exception to the general rule that a defense such as preemption does not appear on the face of a well pleaded complaint, and as such cannot be the basis for removal. *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000). Complete preemption requires clear legislative intent that the federal remedy be exclusive, which is lacking with respect to the FCRA. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009), *cert. denied, FIA Card Services, N.A. v. Gorman*, __ U.S. __, 131 S.Ct. 71, 178 L.Ed.2d 23 (2010); *Meisel v. USA Shade & Fabric Structures Inc.*, 795 F. Supp. 2d 481, 487 (N.D. Tex. 2011).

Lack of original jurisdiction does not end the remand inquiry in this case. Because the plaintiff has raised a substantial claim under the HPA, this Court has limited discretion under 28 U.S.C. § 1441(c) to "decide the entire case or . . . to remand all matters in which state law predominates." *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993). Notably, "§ 1441(c) does not authorize the remand of state law claims unless they are separate and independent from the removed federal question claim . . . ." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 105 (5th Cir. 1996).

The plaintiff's non-HPA claims are neither separate nor independent from his HPA claims. The HPA claims concern Chase's failure or unwillingness to remove PMI from the plaintiff's home mortgage loan. Based on the pleadings, the merits of the claim depend in part on the plaintiff's payment history under the loan and in part on the principal balance, based on the original amortization schedule, when the plaintiff made his PMI termination request. *See* 12 U.S.C.§ 4902(a)(2), (g)(1)(B). Payment history and principal balance also determine the basis of relator's claims of wrongful reporting to consumer credit agencies, miscalculated interest, and wrongfully imposed of late fees. Therefore, the Court has no discretion to remand these remaining claims. Even

if the statute authorized the Court to wield such discretion, it would not remand the remaining claims, which concern a limited number of straight-forward loan conditions.

Accordingly,

>IT IS ORDERED that the plaintiff's motion to remand is DENIED. Rec. Doc. 9.

>New Orleans, Louisiana, this 17th day of October, 2013.

>HELEN G. BERRIGAN
>UNITED STATES DISTRICT JUDGE