UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALID HAMED                                                                CIVIL ACTION

VERSUS                                                                        NO. 13-5833

JPMORGAN CHASE BANK, N.A.                                      SECTION: "C"

### ORDER AND REASONS

Before this Court is a motion to dismiss brought by the defendant, JPMorgan Chase Bank, N.A. Rec. Doc. 15. The plaintiff, Walid Hamed, opposes the motion. Rec. Doc. 17. Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion to dismiss is GRANTED for the following reasons.

### I. BACKGROUND

This action is the plaintiff's third lawsuit against the defendant. Rec. Doc. 15-2. The first lawsuit was filed on November 17, 2008 in the 29th District Court, Parish of St. Charles. *Id*. at 1. In that suit, the plaintiff alleged that the defendant improperly required the plaintiff to pay private mortgage insurance (PMI) on his mortgage loan. *Id*. The first suit was dismissed on May 27, 2009, after the parties reached a settlement agreement. *Id*. at 4. In the second action, filed on May 31, 2011 in the 29th District Court, Parish of St. Charles, the plaintiff alleged: 1) the defendant breached the plaintiff's mortgage contract; 2) the defendant acted in bad faith; 3) the defendant improperly required the plaintiff to pay PMI on his mortgage loan; and 4) the defendant charged the plaintiff excessive late fees. *Id*. at 5. The second suit was summarily dismissed on November 27, 2012. Rec. Doc. 1-3 at 11.

The plaintiff filed this action on August 28, 2013 in the 5th Justice of the Peace Court in Jefferson

Parish, Louisiana. Rec. Doc. 1-3 at 2. The plaintiff alleges that the defendant: 1) breached the plaintiff's mortgage contract by not accepting his monthly mortgage payments; 2) violated the Homeowner's Protection Act and the plaintiff's mortgage contract by requiring the plaintiff to pay PMI on his mortgage loan; 3) charged excessive late fees and other fees; 4) improperly reported plaintiff's mortgage loan account as overdue; and 5) refused to reduce the plaintiff's mortgage payment after he made a lump sum payment in January 2011. *Id*. The case was removed to the Eastern District of Louisiana on September 13, 2013. Rec. Doc. 1.

## II. LAW AND ANALYSIS

### A. Standard of Review

In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Although courts are required to take as true all factual allegations in the complaint, they are not bound to accept labels, conclusions, or formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right of relief above the speculative level. The pleading must contain something. . . more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and quotations omitted). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

To defeat a motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain recovery" or "contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted). Therefore, a plaintiff must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

**B. Res Judicata**

The previous lawsuits between the plaintiff and the defendant were decided in Louisiana state courts, therefore Louisiana state law applies to determine whether res judicata precludes this action. *Conn. Bank of Commerce v. Congo*, 309 F. 3d 240, 248 (5th Cir. 2002). Louisiana's res judicata statute mandates that "a valid and final judgment is conclusive between the same parties.... If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action." La. R.S. 13:4231. In order for the preclusive effects of res judicata to apply, five elements must be satisfied: 1) there must be a previous valid judgment; 2) that judgment must be final; 3) the parties in the first and second suit must be the same; 4) the causes of action asserted in the second suit must have existed at the time of final judgment in the first suit; and 5) the causes of action asserted in the second suit must arise out of the transaction or occurrence that was the subject matter of the first suit. *Burguieres v. Pollingue*, 843 So.2d 1049, 1053 (La. 2/25/03). This action satisfies all five elements of res judicata.

The first two elements of res judicata are met for the following reasons. First, two previous valid judgments were rendered by courts of competent jurisdiction, the 29th District Court, Parish of St. Charles. Rec. Doc. 15-2 at 4, 1-3 at 11. Second, those judgments were final on the merits. *Id*. The first suit between the plaintiff and the defendant was dismissed on a joint motion. Rec. Doc. 15-2 at 4. The judgment in the second suit was not appealed. Rec. Doc. 1-3 at 11. The third element of res judicata is likewise satisfied because the parties in all three suits are the same. Rec. Doc. 15-2 at 4, 1-3 at 11.

The fourth element, whether the causes of action asserted in the second suit existed at the time of final judgment in the first suit, requires an inquiry into the timing of the causes of action asserted in the lawsuits. *Smith Int'l.,Inc. v. Egle Group, LLC.*, 490 F.3d 380, 385 (5th Cir. 2007). Every claim asserted in this suit existed on November 27, 2012, the date that the second suit was summarily dismissed. Rec. Doc. 1-3 at 11. The final element of res judicata is also met. Under Fifth Circuit precedent "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitte*, 452 U.S. 394, 398 (1981). Identical issues do not have to be raised in both the first and the second lawsuit for the preclusive effects of res judicata to apply. *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 869 (5th Cir. 1984). Instead, the test is whether the claim of recovery asserted in the latter action arises out of "all or any part of the transaction, or series of connected transactions" from which the earlier action arose. *Id*. Both the factual circumstances and the transactions and occurrences at issue in the previous lawsuit are the same as the issues contested in this lawsuit, therefore, the fourth and fifth elements of res judicata are satisfied.

Fifth Circuit precedent stipulates that res judicata can be raised on a motion to dismiss. *Clifton v. Warnaco, Inc.*, 53 F. 3d 1280, WL 295863, *6 (5th Cir. 1995). Under the doctrine of res judicata "if the facts are admitted and nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss." *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952). Because all relevant facts are in the record, res judicata can be addressed on this motion to dismiss.

Accordingly,

IT IS ORDERED that the defendant's motion is GRANTED. Rec. Doc. 15.

New Orleans, Louisiana, this  3  day of  February, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**