UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WALID HAMED**                                                      **CIVIL ACTION**

**VERSUS**                                                           **NO. 13-5833**

**JPMORGAN CHASE BANK, N.A.**                                        **SECTION: "C"**

### ORDER AND REASONS

Before this Court is a motion for rehearing brought by the plaintiff, Walid Hamed. Rec. Doc. 23. The defendant, JPMorgan Chase Bank, N.A., opposes the motion. Rec. Doc. 24. Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion for rehearing is DENIED for the following reasons.

While the Federal Rules of Civil Procedure do not formally recognize a "motion for rehearing," the courts have developed a method to decide such a motion. *Ford v. Elsbury,* 32 F.3d 931, 937 (5th Cir. 1994). First, the Court must decide which of two federal rules is controlling. *Id*. The Fifth Circuit treats a motion for rehearing as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). *Id*. Specifically, if the motion is served within ten days of rendition of judgment, the motion is considered a Rule 59(e) motion. *Id*. Otherwise, if it is served after that time, it is considered a Rule 60(b) motion. *Id*. The plaintiff's motion was filed exactly ten days after the Court's Order for which they seek a rehearing. Rec. Docs. 22 and 23. Accordingly, the Motion is treated as a Rule 59(e) motion to alter or amend.

Alteration or amendment of a previous ruling under Rule 59(e) "calls into question the correctness of the judgment." *Tremplet v. HydroChem Inc*., 367 F.3d 473, 478 (5th Cir. 2004).

As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La. 2000). Courts consider four factors when deciding whether to alter or amend a previous ruling: "(1) whether the judgment was based upon a manifest error of fact or law; (2) whether the movant presents newly discovered or previously unavailable evidence; (3) whether amendment is necessary to prevent manifest injustice; and (4) whether an intervening change in controlling law has occurred." *Id*. The plaintiff does not allege that any of the four factors listed above are present in this case. Furthermore, none of the four factors are present in this case. Therefore, the plaintiff's motion for rehearing should be denied.

Accordingly,

IT IS ORDERED that the plaintiff's motion for rehearing is DENIED.  Rec. Doc. 23.

New Orleans, Louisiana, this  14  day of  April, 2014.

**HELEN G. BERRIGAN**

**UNITED STATES DISTRICT JUDGE**